IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMEAKA DAVIS, DASHA GRANT, | § § § | |
| *Plaintiffs,* | § § § | SA-23-CV-00302-OLG |
| vs. | § § § | |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion for Leave to File Affidavits Concerning Costs and Necessity of Services Under Texas Civil Practice & Remedies Code § 18.001 [#14], which was referred to the undersigned for disposition on February 29, 2024. By their motion, Plaintiffs ask the Court to allow them to file affidavits concerning the costs and necessity of medical services pursuant to Section 18.001 of the Texas Civil Practice and Remedies Code. Plaintiffs' motion indicates that it is opposed. However, Defendant did not file a response in opposition to the motion. Plaintiffs' motion was filed on January 4, 2024, making any response in opposition due by January 18, 2024. *See* W.D. Tex. Loc. R. CV-7(d). Over six weeks have elapsed since Defendant's response was due. Under this Court's Local Rules, where no timely response is filed, the Court has authority to grant the motion as unopposed. *See id.*

This diversity action alleges that Plaintiffs suffered injuries as a result of a motor-vehicle collision with a United States Postal Service vehicle. Plaintiffs contend that they have incurred medical expenses as a result of their injuries and have sought treatment with various medical

1

providers.  Plaintiffs intend to use medical records evidencing their treatment to prove damages at trial.

In Texas state court, a plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Rahimi v. United States*, 474 F. Supp. 2d 825, 826–27 (N.D. Tex. 2006).  Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).  Texas courts have recognized that section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).  Plaintiffs contend that utilizing the procedures set forth in Section 18.001 will significantly save time and costs for all litigants and conserve judicial resources.

Generally, federal courts are to apply state substantive law and federal procedural law in diversity cases, like the case currently before the Court.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Federal district courts are split, however, as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine.  *Compare Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (holding that Section 18.001 is procedural rule

2

inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (finding Section 18.001 to be a substantive provision of Texas law applicable in diversity cases).  This split has persisted despite a characterization of Section 18.001 as "purely procedural" by the Texas Supreme Court in *Haygood*.  *See* 356 S.W.3d at 397–98.

Although the undersigned has most recently sided with the courts that have determined that the rule is procedural and should not apply in federal court, the undersigned continues to grant motions for the use of Section 18.001 in a diversity action if the motion is unopposed.  *See, e.g.*, *Stokes v. Chan*, Civil No. SA-17-CV-0318-FB (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44).  As Defendant failed to file any response to Plaintiffs' motion, the Court construes the motion as unopposed and will similarly grant Plaintiffs' motion.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Affidavits Concerning Costs and Necessity of Services Under Texas Civil Practice & Remedies Code § 18.001 [#14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs may prove the reasonableness and necessity of the medical expenses allegedly incurred as a result of the personal injuries underlying this suit through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code.  Defendant may contest these affidavits in the manner set forth in Section 18.001.

SIGNED this 4th day of March, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE